UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61216-CIV-DIMITROULEAS/SNOW

HANNIBAL MU BEY,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause is before the Court on the Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 30) pertaining to Plaintiff's pro se Amended Complaint seeking judicial review of a final decision of the Social Security Administration denying the Plaintiff's application for disability or supplemental security income (SSI) benefits (ECF No. 8). The Complaint and Amended Complaint were filed pursuant to the Social Security Act, 42 U.S.C. § 401, et seq., and the case was referred to United States Magistrate Judge Lurana S. Snow for Report and Recommendation. (ECF No. 4)

## I. PROCEDURAL HISTORY

The Declaration of Dexter Potts, Chief of Court Case Preparation and Review Branch 3, Office of Appellate Operations of the Social Security Administration states that the Plaintiff filed his first application for disability and SSI benefits on January 28, 2014. The application was denied initially and upon reconsideration. (ECF No. 30-1 at 2-3, 4-17) On February 21, 2018, more than four years later, the Plaintiff requested reconsideration of this decision. Id. at 3, 23. On January 31, 2019, a redetermination notice was issued notifying the Plaintiff the Commissioner had

reaffirmed its prior decision. The Plaintiff was advised that if he disagreed with the decision, he could request a hearing before an administrative law judge (ALJ). Id. at 3, 25. The Plaintiff did not request an administrative hearing.

Meanwhile, the Plaintiff filed another application for SSI benefits on February 6, 2015. After an administrative hearing held on February 21, 2015, the Plaintiff was awarded SSI benefits from his application date based on severe impairments of disorder of the lumbar spine, disorder of the cervical spine, hypertension, schizophrenia and substance addiction disorder. Id. at 3,18-22. No appeal of this decision was filed.

The Plaintiff filed his initial Complaint on June 19, 2020. (ECF No. 1) He filed an Amended Complaint on July 20, 2020, and supplements on August 12 and August 16, 2020. (ECF Nos. 8, 13-14) Although the Plaintiff does not identify which of the prior decisions he is challenging, in the section entitled "Basis for Jurisdiction" in his initial Complaint the Plaintiff checked the box for Disability Insurance Benefits Claim (Title II). (ECF No. 1 at 2) Accordingly, the Plaintiff necessarily is challenging the denial of his first application, which included a claim for disability as well as SSI benefits. The Commissioner asks this Court to dismiss the complaint for lack of jurisdiction based on the Plaintiff's failure to exhaust administrative remedies.

## V. DISCUSSION

The Commissioner correctly points out that 42 U.S.C. § 405(g) authorizes judicial review of a "final decision of the Commissioner of Social Security made after a hearing." Since the Plaintiff failed to request a hearing following the denial of his disability claim, judicial review by this Court is improper. The Commissioner acknowledges that the exhaustion requirement may be waived in "exceptional circumstances," such as a challenge to the constitutional validity of the administrative procedures, Weinberger v. Salfi, 422 U.S. 749, 767 (1975), but notes that the Plaintiff

has not alleged any such circumstances. Moreover, because the time for requesting an administrative hearing has expired, the Commissioner seeks a dismissal with prejudice.

The Plaintiff's response (ECF No. 33) does not directly address the issues of exhaustion or the waiver of the exhaustion requirement, but he has supplemented that response with various documents, including a Dismissal and Notice of Rights from the Equal Employment Opportunity Commission (EEOC) advising the Plaintiff of his right to sue the Social Security Administration based on his claim of discrimination. (ECF No. 34-1 at 1-3) The undersigned infers that the Plaintiff understood this Notice as authorizing him to file the instant action. However, the Notice has no bearing on the Plaintiff's obligation to request an administrative hearing to determine whether his application for disability benefits should have been granted before seeking judicial review.

Based on the Declaration of Dexter Potts and the exhibits attached thereto, it is clear that the Plaintiff failed to exhaust his administrative remedies with regard to the denial of his disability claim, and the instant case must be dismissed.

### III. CONCLUSION

This Court having considered carefully the pleadings, arguments of counsel, and the applicable case law, it is hereby

RECOMMENDED that Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment (ECF No. 30) be GRANTED, and that the instant case be DISMISSED with prejudice for lack of jurisdiction.

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable William P. Dimitrouleas, United States District Judge.

Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained therein, except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

DONE AND SUBMITTED at Fort Lauderdale, Florida, this 11th day of March, 2021.

/s/ Lurana S. Snow
LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

All counsel of record

Hannibal Mu Bey, pro se