UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61216-DIMITROULEAS/SNOW

HANNIBAL MU BEY,

    Plaintiff,

vs.

SOCIAL SECURITY ADMINSTRATION,
ANDREW SAUL,

    Defendant.
_____/

**ORDER APPROVING REPORT OF MAGISTRATE JUDGE;
DISMISSING CASE FOR LACK OF JURISDICTION**

THIS CAUSE is before the Court upon the Report and Recommendation of Magistrate Judge Snow (the "Report") [DE 35], filed herein on March 11, 2021.   The Court has conducted a *de novo* review of the Report [DE 35] and has carefully considered Plaintiff's Objections [DE 37]. The Court is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific objection to a finding in the report and recommendation, the district court must conduct a *de*

*novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiff's objections.

Plaintiff filed an application for disability benefits on January 28, 2014. The application was denied initially and upon reconsideration. On February 21, 2018, Plaintiff requested reconsideration of this decision. On January 31, 2019, a redetermination notice was issued notifying Plaintiff the Commissioner had reaffirmed its prior decision. Plaintiff was advised that if he disagreed with the decision, he could request a hearing before an administrative law judge ("ALJ"). Plaintiff did not request an administrative hearing.

Meanwhile, Plaintiff filed another application for SSI benefits on February 6, 2015. After an administrative hearing held on February 21, 2015, Plaintiff was awarded SSI benefits from his application date based on severe impairments of disorder of the lumbar spine, disorder of the cervical spine, hypertension, schizophrenia and substance addiction disorder. No appeal of this decision was filed. On March 16, 2020, Plaintiff filed this action seeking judicial review of the decision of the Commissioner.

On January 12, 2021, Defendant filed a Motion to Dismiss or in the Alternative Motion for Summary Judgment. [DE 30].   On March 11, 2021, Magistrate Judge Snow issued her Report, recommending that Defendant's Motion be granted and the instant case be dismissed for lack of jurisdiction. *See* [DE 35].   Upon a careful review of the record, the Court agrees with the reasoning, conclusions, and recommendations of the Magistrate Judge; the Court overrules Plaintiff's Objections.   Plaintiff may not seek judicial review because he did not exhaust his

administrative remedies by completing the administrative appeal process and therefore has not received a final decision on the merits of his case after a hearing. *See* 42 U.S.C. §§405(g). Further, the Amended Complaint does not allege facts demonstrating exceptional circumstances for waiver of the exhaustion requirement.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report and Recommendation [DE 35] is hereby **APPROVED**;

2. Plaintiff's Objections [DE 37] are hereby **OVERRULED**;

3. Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment [DE 30] is hereby **GRANTED**;

4. This case is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**;

5. The Clerk shall **CLOSE** this case and **DENY** any pending motions as moot;

6. The Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at the address below.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 14th day of April, 2021.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Magistrate Judge Snow
Counsel of record

Hannibal Mu Bey
General-Post 280086
Pembroke Pines, FL 33026